IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT.WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS**<br>Plaintiff, | § § § § | |
| V. | § § | |
| **MCGAUGHEY, REBER AND ASSOCIATES, INC., ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK, AND ERIK HARRIS**<br>Defendants. | § § § § § § § | Case No. _____ |

## AFFIDAVIT OF NENA MARTIN IN SUPPORT OF PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION TO VACATE

BEFORE ME, the undersigned authority, on this day personally appeared Nena Martin, who being by me first duly sworn, did state:

1. "I am employed as a Flight Attendant working with American Airlines, Inc. and I served on the Board of Directors for the Association of Professional Flight Attendants, between April 2011 to January 2021. I am of sound mind and body to make this affidavit and have personal knowledge of the following facts:

    a. I attended the Board of Director's meetings on October 27, 2020, and October 28, 2020, in which evidence from an accounting firm hired by APFA was presented off the record. Erik Harris presented spreadsheets he stated were the results of an accounting review that showed Robert "Bob" Ross owed for an overpayment made under his Transition Agreement in the amount of $5,436.47.

**Exhibit B**   1 of 2

I was present at this meeting and reviewed all documents submitted and can attest to the true and correct findings of the Board of Directors at this time.

b. I have not seen the Confidential Memorandum dated October 22, 2020, from Wood, Stephens & O'Neil, L.L.P ("Confidential Memorandum") and the Board of Directors were not presented this Confidential Memorandum at any formal APFA Board of Directors meeting or discussion with which I participated.

c. I received an email from Erik Harris on November 25, 2020, with a letter attached. A true and correct copy of that letter is attached hereto and marked Exhibit B-1. This information was presented to me on or about October 27, 2020, with the other Board of Directors while discussing it off the record. No formal vote was ever made, no formal record ever taken. It was decided that APFA General Counsel, Margo Nikitas, would call and discuss the accounts with Mr. Ross to review the spreadsheet.

d. I also attended the APFA Executive Committee meeting on December 1, 2020, where the Executive Committee reviewed the charges filed by Melissa Chinery-Burns and Sandra Lee against Robert "Bob" Ross. At this Executive Committee meeting, I had the opportunity to hear all arguments made against Robert Ross prior to the Executive Committed voting on whether the charges were timely, specific, and valid. The Confidential Memorandum dated October 22, 2020, from Wood, Stephens & O'Neil, L.L.P was never presented to the Executive Committee for review and consideration prior to voting on the charges."

FURTHER AFFIANT SAYETH NOT.

_____
**Nena Martin**

SWORN AND SUBSCRIBED TO before me on this 18 day of April 2022.

_____
Notary Public, State of Missouri

[Notary Seal: Jennifer D. Schuler, Comm. Exp. 10/07/2024, Notary Public, Notary Seal #20661406, St. Charles County, State of Missouri]

**Exhibit B**                    3 of 2

# Wood, Stephens & O'Neil, L.L.P.
## Certified Public Accountants

6300 Ridglea Place, Suite 318
Fort Worth, TX 76116
Tele. 817-377-1700
Fax 817-377-1870

## CONFIDENTIAL MEMORANDUM

MEMO TO: APFA Board of Directors and the Executive Committee

FROM: Hal O'Neil, CPA, Pam Bush
SUBJECT: Review of officer disbursements and the Bob Ross transition agreement
DATE: October 22, 2020

The current APFA officers, in consultation with the APFA staff attorney and outside counsel, requested that our firm review specific former officer expense reimbursements and payroll disbursements, as well as the payments arising from the Bob Ross confidential transition agreement. This informal engagement is substantially less in scope than an audit engagement, the objective of which would be the expression of an opinion regarding these specific disbursements. Accordingly, we do not express an opinion or any form of assurance regarding these disbursements. Our task under this informal engagement, was as follows:

1. To review the backup for the former officers' salary disbursement amounts from 2016 - 2018 and to determine these base salaries were calculated correctly and in compliance with the guidelines and pay rates stipulated in the APFA policy manual. Please see the enclosed schedule A for each officer.

2. To prepare an overpayment schedule of the accrued and unused sick, and accrued and unused vacation time payments made to Bob Ross in 2018, similar to the overpayment schedules we prepared previously for the other three officers. Please see the enclosed schedules B and C for each officer. These overpayment schedules for the other officers were previously provided to the Board of Directors. Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick, and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement. This agreement also specifies reimbursement payments to him of up to $10,000 in actual moving expenses. His moving expense reimbursement payments did not exceed this amount.

3. To assist the APFA accounting department staff in reviewing and organizing the various requested documents, as set forth in the flight attendants Chinery and Lee financial document request.

Please contact us should the Board of Directors or the Executive Committee have questions regarding our limited engagement.

Sincerely,

Hal O'Neil, CPA



EXHIBIT "B"