UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ROBERT ROSS,**

   Plaintiff,

v.                                                  **No. 4:22-cv-0333-P**

**ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, ET AL.,**

   Defendants.

# ORDER

On April 19, 2022, Plaintiff Robert Ross initiated this action. ECF No. 1. However, Plaintiff failed to comply with Local Rule 3.1(c), which clearly states that the complaint "must be accompanied" by a separate certificate of interested persons. N.D. TEX. CIV. R. 3.1(c).

"Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Having considered the complaint and this Court's practice of strictly enforcing the Local Rules, the Court concludes that the Case should be dismissed.[1]

---

[1] This Court, like all of the judges of the Fort Worth Division, has a long and consistent history of requiring litigants to strictly adhere to the Local Rules. See, e.g., Six Flags Ent. Corp. v. Travelers Cas. & Sur. Co. of Am., No. 4:21-CV-00670-P, 2021 WL 2064903, at *1 (N.D. Tex. May 21, 2021) (Pittman, J.) (dismissing lawsuit without prejudice for failure to comply with Local Rule 83.10(a) requiring local counsel); United States v. Thomas, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel); Robert Cook & Associates, Inc. v. Illinois Nat'l Ins. Co., No. 7:09-CV-141-O, 2010 WL 11619707, at *1 n.1 (N.D. Tex. Aug. 19, 2010) (O'Connor, J.) (admonishing defense counsel that "disregard of the Local Rules is burdensome for those required to analyze and adjudicate Defendant's motion" and ordering counsel "to file a statement notifying the Court . . . why they failed to comply with the local rules and whether this failure should result in the forfeiture of their right to practice in the Northern District of Texas"); Harper v. Am. Airlines, Inc., No. 4:09-CV-318-Y, 2009

The Court thus **ORDERS** that this case is **DISMISSED without prejudice**.[2]

**SO ORDERED** on this **20th day** of **April, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

WL 4858050, at *1–2 (N.D. Tex. Dec. 16, 2009) (Means, J.) (denying motion to declare class certification motion timely because plaintiff failed to comply with Local Rule 23.2 and "once on this Court's docket the case becomes subject to this Court's local rules").

[2]Should this dismissal without prejudice function as a dismissal with prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff must notify the Court in a timely, appropriately argued, and supported motion for leave to proceed without local counsel.